IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


EARL PETERSON,
     Petitioner,

vs.                     Case No.:  1:16cv169/WTH/EMT

SECRETARY DEPARTMENT OF
CORRECTIONS,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 1).  Respondent filed an answer and relevant portions of the state court record (ECF No. 15).  The court directed Petitioner to file a reply (*see* ECF No. 16), but he has not done so as of the date of this Report and Recommendation.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the

opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

## I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 15).[1]  Petitioner was charged in the Circuit Court in and for Levy County, Florida, Case No. 2014-CF-472, with one count of possession of ammunition by a convicted felon (Count I), one count of grand theft (Count II), and one count of burglary of an unoccupied conveyance (Count III) (Ex. B).   On February 4, 2015, Petitioner signed a written Petition to Enter Plea of Guilty/Nolo Contendere, pursuant to which Petitioner agreed to enter a no contest plea to Counts II and III; the State agreed to dismiss Count I; and there was no agreement as to Petitioner's sentence, except that Petitioner faced a maximum sentence of ten (10) years in prison and was entitled to pre-sentence jail credit of 148 days (Ex. C). Following a colloquy, the trial court accepted the plea, adjudicated Petitioner guilty, and sentenced Petitioner to consecutive terms of five (5) years in prison, with pre-sentence jail credit of 150 days (Exs. D, E).  Petitioner did not file a direct appeal.

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (ECF No. 15).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Case No.:  1:16cv169/WTH/EMT

On April 9, 2015, Petitioner filed a motion to correct illegal sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. F at 1–3).  The state circuit court summarily denied the motion on April 15, 2015 (*id.* at 4–6).  Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D15-2899 (*see* Ex. F at 28; Ex. G).  The First DCA affirmed the decision per curiam without written opinion on September 3, 2015, with the mandate issuing September 29, 2015 (Ex. H).  Peterson v. State, 173 So. 3d 891 (Fla. 1st DCA 2015) (Table).

On October 13, 2015, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. I at 1–13).  The state circuit court summarily denied the motion on October 26, 2015 (*id.* at 14–18).  Petitioner appealed the decision to the First DCA, Case No. 1D15-5435 (*id.* at 50).  The First DCA affirmed the decision per curiam without written opinion on March 10, 2016, with the mandate issuing April 5, 2016 (Ex. J).  Peterson v. State, 186 So. 3d 1026 (Fla. 1st DCA 2016) (Table).

Petitioner filed the instant federal habeas action on May 4, 2016 (ECF No. 1).

II.    STANDARD OF REVIEW

Federal courts may grant habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218–19.  Section 2254(d) provides, in relevant part:

> **(d)**  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > **(1)**  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > **(2)**  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).  The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle

from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring).

Employing the <u>Williams</u> framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. <u>Thaler v. Haynes</u>, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); <u>Woods v. Donald</u>, — U.S. —, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only

if either the reasoning or the result contradicts the relevant Supreme Court cases. Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. See Woods, 135 S. Ct. at 1377 (holding, as to claim that counsel was per se ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants: "Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. See Panetti v. Quarterman, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state

court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. <u>Williams</u>, 529 U.S. at 409; *see* <u>Holland v. Jackson</u>, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam). In applying this standard, the Supreme Court has emphasized:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." <u>Harrington</u>, *supra*, at 102–103, 131 S. Ct. 770 (internal quotation marks omitted).

<u>Woods</u>, 135 S. Ct. at 1376 (quoting <u>Harrington v. Richter</u>, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See* <u>Gill v. Mecusker</u>, 633 F.3d 1272, 1292 (11th Cir. 2011). As with the "unreasonable application" clause,

the federal court applies an objective test.  Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.").  Federal courts "may not characterize . . . state-court factual determinations as unreasonable merely because we would have reached a different conclusion in the first instance."  Brumfield v. Cain, — U.S. —, 135 S. Ct. 2269, 2277, 192 L. Ed. 2d 356 (2015) (quotation marks omitted).

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct.  28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  Id.; see, e.g., Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by the AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").  Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and § 2254(e)(1) interact in the context of fact-based challenges to state court adjudications.  See Cave v. Sec'y for Dep't of Corr., 638 F.3d. 739 (11th Cir. 2011).  However, the Eleventh Circuit has

declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision."  Gill, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied the AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims.  See Panetti, 551 U.S. at 954.  Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).  "If this standard is difficult to meet, that is because it was meant to be."  Richter, 562 U.S. at 102.

Within this framework, the court will review Petitioner's claims.

III.    PETITIONER'S CLAIMS

A.    Ground One(a):  "Ineffective Assistance of Counsel for Erroneously Advising Petitioner That He Could Be Interrogated on His Prior Adjudications Should He Proceed to Trial."

Petitioner alleges during a pre-plea discussion with defense counsel, counsel advised him that if he proceeded to trial, the prosecutor could "interrogate[ ] [him] on his prior adjudications" (ECF No. 1 at 4).  Petitioner alleges the Florida Rules of Evidence prohibit the prosecutor from revealing the nature of prior convictions or pending criminal charges (*id.*).  Petitioner alleges he gave up his right to a trial and entered a plea based upon counsel's allegedly erroneous advice (*id.*).  Petitioner alleges he would have proceeded to trial had it not been for counsel's advice (*id.*).

Respondent asserts this is the same claim that Petitioner presented to the state court in ground one of his Rule 3.850 motion (ECF No. 15 at 14).  Respondent asserts the state circuit court adjudicated the merits of the claim, and the First DCA affirmed (*id.*).  Respondent contends Petitioner failed to demonstrate that the state court's adjudication was based upon an unreasonable determination of fact, or that it was contrary to or an unreasonable application of clearly established federal law (*id.* at 14–18).

1.    Clearly Established Federal Law

A defendant's Sixth Amendment right to counsel extends to the plea-bargaining process.  Lafler v. Cooper, 566 U.S. 156, 162–63, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012) (citing Missouri v. Frye, 566 U.S. 133, 145, 132 S. Ct. 1399, 182 L. Ed. 2d 379

(2012), and <u>McMann v. Richardson</u>, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)).  "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it."  <u>Lafler</u>, 132 S. Ct. at 1387. The two-part test articulated in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) applies to claims that counsel was ineffective during the plea process.  <u>Lafler</u>, 132 S. Ct. at 1384 (applying <u>Strickland</u>'s two-part test to federal habeas petitioner's claim that counsel was ineffective for advising him to reject a plea offer); <u>Frye</u>, 132 S. Ct. at 1404, 1409–10 (applying <u>Strickland</u>'s two-part test to federal habeas petitioner's claim that counsel was ineffective for failing to communicate a prosecution plea offer before it lapsed); <u>Hill v. Lockhart</u>, 474 U.S. 52, 48, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (applying <u>Strickland</u>'s two-part test to defendant's challenge to his guilty plea based on ineffective assistance of counsel).


     <u>Strickland</u>'s first prong requires a defendant to show "'that counsel's representation fell below an objective standard of reasonableness.'"  <u>Hill</u>, 474 U.S. at 57 (quoting <u>Strickland</u>, 466 U.S. at 688).  The focus of inquiry under the performance prong of the <u>Strickland</u> standard is whether counsel's assistance was "reasonable considering all the circumstances."  <u>Strickland</u>, 466 U.S. at 691.

In a plea situation, counsel must provide advice "within the range of competence demanded of attorneys in criminal cases." <u>Hill</u>, 474 U.S. at 56–57 (quoting <u>McMann</u>, 397 U.S. at 771). Under this standard, representation is ineffective only if counsel commits "serious derelictions" of his duty when advising the accused. <u>Stano v. Dugger</u>, 921 F.2d 1125, 1150–51 (11th Cir. 1991). Absent such blatant errors, however, the court should "indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." <u>Yordan v. Dugger</u>, 909 F.2d 474, 477 (11th Cir. 1990). The Eleventh Circuit has commented that "[t]he right to competent plea bargain advice is at best a privilege that confers no certain benefit," because a defendant "may make a wise decision" without assistance of counsel or a "bad one despite superior advice from his lawyer." <u>Wofford v. Wainwright</u>, 748 F.2d 1505, 1508 (11th Cir. 1984) (per curiam). "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [entering a plea] and going to trial." *Id.* This requires counsel to "offer his informed opinion as to the best course to be followed" and impart "a general knowledge of the possible legal consequences of facing trial" to the defendant. *Id.*

Therefore, a defendant's failure to "correctly assess every relevant factor entering into his decision" does not undermine a validly entered guilty plea. *Id.* at 1509.

Strickland's second prong requires a defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of pleas, "[t]he . . . 'prejudice' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59.

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. Strickland, 466 U.S. at 698; Collier v. Turpin, 177 F.3d 1184, 1197 (11th Cir. 1999). "Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). "Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Richter, 131 S. Ct. at 788. As the Richter Court explained:

> The standards created by Strickland and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so.

The <u>Strickland</u> standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under <u>Strickland</u> with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard.

*Id.* (citations omitted).

### 2.   Federal Review of State Court Decision

Petitioner presented this claim as Ground 1 in his Rule 3.850 motion (Ex. I at 4).  In the state circuit court's written decision denying the claim, the court correctly stated the deficient performance and prejudice prongs of the <u>Strickland</u> standard as the applicable legal standard (*id.* at 15–16).  The court adjudicated the claim as follows:

As to Ground 1, Defendant alleges that trial counsel was ineffective for misadvising Defendant "that he could be interrogated on his prior adjudications should he proceed to trial."  First, the State could have inquired at trial as to the number of felony convictions which Defendant has, which is over 20.  *See* Arrest Mittimus; Scoresheet; Plea and Sentencing Tnmscript at 6 (lines 10–20).  Thus, if counsel told him that the State could impeach him with his prior convictions that would not be misadvice.  *See* § 90.610(1), Fla. Stat. (2014) ("A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment. . . .").  Second, Defendant does not allege that counsel told him that the State could elicit the specific offenses for which he was convicted.  However, even if counsel did, Defendant fails to show any prejudice from this

> purported error because the State agreed to drop the charge of Possession of Ammunition by a Convicted Felon (count I), which is a second-degree felony.  *See* Information; Plea and Sentencing Transcript at 2 (lines 12–16), 3 (lines 18–22), 10 (lines 7–8).  Thus, Defendant received a substantial benefit by entering his plea.  For these reasons, Defendant fails to show manifest injustice.  Accordingly, the claim raised is without merit.

(Ex. I at 16).  The First DCA affirmed the decision without written opinion (Ex. J).

It is reasonable to conclude that Petitioner's counsel satisfied Strickland's deferential standard.  If a defendant takes the stand at trial, the State may attack the defendant's credibility with evidence of the defendant's prior felony convictions.  *See* Fotopoulos v. State, 608 So. 2d 784, 791 (Fla. 1992).  The State's inquiry is generally restricted to the existence of prior convictions and the number of convictions.  *See id.* (citing Fulton v. State, 335 So. 2d 280 (Fla. 1976) and McArthur v. Cook, 99 So. 2d 565 (Fla. 1957)).  However, if the defendant denies having been convicted, or misstates the number of convictions, the State may impeach by producing a record of past convictions, which includes the nature of the past crimes.  *See* Trapp v. State, 57 So. 3d 269, 273 (Fla. 4th DCA 2011).  Further, if a defendant attempts to mislead or delude the jury about his prior convictions, the State is entitled to further question the defendant concerning the convictions in order to negate any false impression given.  *See* Fotopoulos, 608 So. 2d at 791; *cf.* McCrae v. State, 395 So. 2d 1145, 1151 (Fla.

1980) (although the scope of cross-examination generally should be no broader than the scope of direct examination, State was entitled to question defendant regarding the nature of prior felony conviction in order to negate the delusive innuendoes of his counsel); <u>Rogers v. State</u>, 964 So. 2d 221, 223 (Fla. 4th DCA 2007) (if a defendant "opens the door" by engaging in "'spin control'" that "characteriz [es] the prior convictions in a way favorable to his case at trial," the State is entitled to "inquire further regarding the convictions to attempt to dispel any misleading impression"); <u>Hernandez v. State</u>, 569 So. 2d 857 (Fla. 2d DCA 1990) (defendant who volunteered statements on cross-examination that he had never been involved in a drug-related deal opened the door to questioning about a heroin deal he had arranged two days prior to the instant offense).

Here, the state court reasonably concluded that defense counsel's advising Petitioner that he could be "interrogated on his prior adjudications" if he proceeded to trial and testified, was not an erroneous statement of Florida law and thus not deficient performance. Petitioner failed to demonstrate that the state court's adjudication of his ineffective assistance of counsel claim was contrary to or an unreasonable application of <u>Strickland</u>. Therefore, Petitioner is not entitled to federal habeas relief on Ground One(a).

B.    Ground One(b): "Ineffective Assistance of Trial Counsel in Advising the Petitioner That Convictions for Both Grand Theft III [sic] and Burglary of an Unoccupied Conveyance Did Not Violate Double Jeopardy Clause."

Petitioner alleges the facts underlying the grand theft and burglary charges were that he opened an unlocked door of the victim's 1988 Toyota pick-up truck, removed several items, and placed them in the back of his own pick-up truck (ECF No. 1 at 5–9). Petitioner alleges there was no separation of time, place, or circumstances during his commission of the crimes; therefore, the charges were based upon a single criminal act (*id.*). Petitioner further alleges both crimes have identical elements (*id.*). Petitioner alleges defense counsel erroneously advised him that convictions for both offenses did not violate the Double Jeopardy Clause (*id.*). Petitioner claims that were it not for counsel's advice, he would have proceeded to trial instead of entering a plea (*id.*).

Respondent asserts this is the same claim that Petitioner presented to the state court in ground two of his Rule 3.850 motion (ECF No. 15 at 18). Respondent asserts the state circuit court adjudicated the merits of the claim, and the First DCA affirmed (*id.*). Respondent contends Petitioner failed to demonstrate that the state court's adjudication was based upon an unreasonable determination of fact, or that it was

contrary to or an unreasonable application of clearly established federal law (*id.* at

18–23).

>    1.    Clearly Established Federal Law

The <u>Strickland</u> standard, set forth *supra*, governs this claim.

>    2.    Federal Review of State Court Decision

Petitioner raised this claim as Ground 2 in his Rule 3.850 motion (Ex. I at

5–10).  The state circuit court adjudicated the claim as follows:

> As to Ground 2, Defendant alleges that trial counsel was
> ineffective for failing to advise Defendant that dual convictions for
> Grand Theft (count II) and Burglary of an Unoccupied Conveyance
> (count III) violate the prohibition against double jeopardy because the
> offenses arise out of a single criminal episode. "[T]he common law
> 'single transaction rule,' which had previously limited convictions
> arising out of a criminal transaction or episode to the most serious
> offense, has been legislatively overruled."  *Hayes v. State*, 803 So. 2d
> 695, 699 (Fla. 2001).  "Therefore, if the Legislature intended separate
> convictions and sentences for a defendant's single criminal act, there is
> no double jeopardy violation for the multiple punishments."  *Id.*
> Furthermore, "the prohibition against double jeopardy does not prohibit
> multiple convictions and punishments where a defendant commits two
> or more distinct criminal acts."  *Id.* at 700.  Here, Defendant committed
> two separate and distinct acts.  Thus, his convictions and consecutive
> sentences on counts II and III are not illegal.  *See* § 775.021(4), Fla. Stat.
> (2014); *see also Gaber v. State*, 662 So. 2d 422, 424 (Fla. 3d DCA 1995)
> *approved*, 684 So. 2d 189 (Fla. 1996) (holding that burglary and grand
> theft are completely separate offenses, and dual convictions for both
> offenses do not violate double jeopardy); *Borges v. State*, 415 So. 2d
> 1265, 1267 (Fla. 1982) ("[N]one of the crimes of which [the defendant]
> was convicted is a lesser included offense of any of the others.

> Therefore, separate convictions were proper and it was within the discretion of the trial court to impose consecutive sentences."). Because dual convictions for Grand Theft and Burglary of an Unoccupied Conveyance do not violate the prohibition against double jeopardy, Defendant fails to show either error by counsel or prejudice. Accordingly, the claim raised is without merit.

(Ex. I at 17).  The First DCA affirmed the decision without written opinion (Ex. J).

"The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 306, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984).  This guarantee is applicable to the states through the Fourteenth Amendment.  *See* Benton v. Maryland, 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969).  The Double Jeopardy Clause embodies three separate guarantees:  "It protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense."  Justices, 466 U.S. at 307–08 (citation and footnote omitted). "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."  Missouri v. Hunter, 459 U.S. 359, 366, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983); Whalen v. United States, 445 U.S. 684, 689, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980) ("The Double Jeopardy Clause at the very

least precludes . . . courts from imposing consecutive sentences unless authorized by [the legislature] to do so."); <u>Albernaz v. United States</u>, 450 U.S. 333, 344, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1980) (stating, "the question of what punishments are constitutionally permissible is not different from the question of what punishment the Legislative Branch intended to be imposed.  Where [the legislature] intended . . . to impose multiple punishments, imposition of such sentence does not violate the Constitution.").

"Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature . . . intended that each violation be a separate offense."  <u>Garrett v. United States</u>, 471 U.S. 773, 778, 105 S. Ct. 2407, 85 L. Ed. 2d 764 (1985)).  Although the Double Jeopardy Clause does not flatly prohibit the legislature from punishing the same conduct under two different statutes, federal courts assume that the legislature ordinarily does not intend to do so "'in the absence of a clear indication of contrary legislative intent.'"  <u>Hunter</u>, 459 U.S. at 366 (quoting <u>Whalen</u>, 445 U.S. at 691–92); <i>see also</i> <u>Garrett</u>, 471 U.S. at 779 (holding that multiple punishments are permissible "when the legislative intent is clear from the face of the statute or the legislative history"); <u>Ohio v. Johnson</u>, 467 U.S. 493, 499 n.8, 104 S. Ct. 2536, 81 L. Ed. 2d 425 (1984) ("[I]f it is <u>evident</u> that a state

legislature intended to authorize cumulative punishments, a court's inquiry is at an end.") (emphasis added).  If no clear intention is evident, the provisions are analyzed under the "same elements" test announced in <u>Blockburger v. United States</u>, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), which "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution."  <u>United States v. Dixon</u>, 509 U.S. 688, 696, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993). Although the court will decide under federal law whether a double jeopardy violation has occurred, it must accept the Florida courts' interpretation of the state's own statutes.  <u>Hunter</u>, 459 U.S. at 368.

The language of the Florida criminal statutes defining burglary and grand theft do not contain a clear statement of legislative intent.  *See* Fla. Stat. §§ 810.02, 812.014.  Therefore, the court will look to Florida's rules of statutory construction. Those rules provide, in relevant part:

775.021.  Rules of construction

(1)  The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.
. . . .
(4)(a)  Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal

offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

(b)   The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent.  Exceptions to this rule of construction are:

1.  Offenses which require identical elements of proof.

2. Offenses which are degrees of the same offense as provided by statute.

3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

Fla. Stat. § 775.021.  Based upon this language, it is clear that the Florida Legislature expressly intended to convict and sentence a defendant for each offense he commits during the course of a single criminal episode, with three exceptions to that rule.  *See* Fla. Stat. § 775.021(4)(b).  The exceptions adopt the <u>Blockburger</u> test.  *See* <u>State v. Weller</u>, 590 So. 2d 923, 925 (1991).

Petitioner has failed to show that the offenses in the instant case satisfy the first exception.  The offense of burglary of an unoccupied conveyance has the following two elements:  (1) entering a conveyance owned by or in the possession of the victim,

and (2) at the time of entering the conveyance, the defendant had the intent to commit an offense other than burglary or trespass in that conveyance.  *See* Fla. Stat. § 810.02(1)(b)1.; *see also* Fla. Standard Jury Instructions in Criminal Cases § 13.1.

The offense of grand theft has the following two elements:  (1)  the defendant knowingly and unlawfully obtained property alleged of the victim, and (2) the defendant did so with intent to, either temporarily or permanently (a) deprive the victim of his or her right to the property or any benefit from it or (b) appropriate the victim's property to the defendant's own use or to the use of any person not entitled to it.  *See* Fla. Stat. § 812.014(1); *see also* Fla. Standard Jury Instructions in Criminal Cases § 14.1.

The offense of burglary required proof that Petitioner entered a conveyance owned by the victim, which is not an element of the crime of grand theft.  Further, the crime of grand theft required proof that Petitioner obtained the victim's property, which is not an element of burglary.  Therefore, the first <u>Blockburger</u> exception would not have applied to Petitioner's convictions for these offenses.  Furthermore, the second exception is not satisfied because neither of the crimes is a degree of the other.

Additionally, the third exception is not satisfied because grand theft is not a lesser

included offense of burglary, and vice versa.[2]

The state court reasonably applied <u>Strickland</u> in concluding that, because

Petitioner had no meritorious double jeopardy defense to the burglary and grand theft

charges, Petitioner failed to show deficient performance by defense counsel for

advising Petitioner that he had no meritorious double jeopardy defense. Petitioner is

thus not entitled to federal habeas relief on Ground One(b).

C.    <u>Ground One(c): "Ineffective Assistance of Trial Counsel for Failure to
Adopt and Present Petitioner's Written and Oral Motions to Withdraw His Plea
of Nolo Contendere."</u>

Petitioner asserts the day after he entered his plea, he discovered that defense

counsel had erroneously advised him as to the matters of which Petitioner complains

in Grounds One(a) and (b) (i.e., counsel advised Petitioner that he "could be

interrogated on his prior adjudications," and counsel advised him that his convictions

for burglary and grand theft did not violate the Double Jeopardy Clause) (ECF No. 1

at 9–10). Petitioner alleges he wrote defense counsel a letter requesting that she file

---

[2] There are no "Category One" or necessarily lesser included offenses of burglary, and the only "Category Two" or permissive lesser included offenses are attempted burglary, trespass, and criminal mischief. *See* Fla. Standard Jury Instructions in Criminal Cases § 13.1. The only "Category One" lesser included offense of third degree grand theft is petit theft (first and second degree), and the only "Category Two" lesser included offense is theft of a trade secret. *See id.*, § 14.1.

a motion to withdraw Petitioner's plea (*id.* at 10).  Petitioner alleges counsel did not

file the motion (*id.*).  Petitioner alleges defense counsel visited him to discuss his

request, during which Petitioner verbally requested that counsel file a motion to

withdraw his plea, but counsel refused (*id.*).  Petitioner contends defense counsel's

failure to adopt and present his "written and oral motions to withdraw his plea"

constituted deficient performance (*id.*).  Petitioner alleges the trial court would have

granted the motion to withdraw the plea, based on counsel's erroneous advice

described *supra* in his first two habeas claim (*id.*).

Respondent asserts this is the same claim that Petitioner presented to the state

court in ground three of his Rule 3.850 motion (ECF No. 15 at 23).  Respondent

asserts the state circuit court adjudicated the merits of the claim, and the First DCA

affirmed (*id.*).  Respondent contends Petitioner failed to demonstrate that the state

court's adjudication was based upon an unreasonable determination of fact, or that it

was contrary to or an unreasonable application of clearly established federal law (*id.*

at 23–26).

       1.    Clearly Established Federal Law

The <u>Strickland</u> standard, set forth *supra*, governs this claim.

       2.    Federal Review of State Court Decision

Petitioner raised this claim as Ground 3 in his Rule 3.850 motion (Ex. I at 10–11). The state circuit court adjudicated the claim as follows:

> As to Ground 3, Defendant alleges that trial counsel was ineffective for failing to adopt and present Defendant's *pro se* written and oral motions to withdraw his plea. First, there is no factual basis for the claim, either in Defendant's motion or in the record, that he made a *pro se* written motion to withdraw his plea. Second, even if counsel did refuse to file a motion to withdraw plea on Defendant's behalf, Defendant fails to show how this was error or that he was prejudiced by that decision, especially given the fact that he has filed the instant motion and his two allegations have been denied on the merits. Accordingly, the claim raised is without merit.

(Ex. I at 18). The First DCA affirmed the decision without written opinion (Ex. J).

As discussed *supra*, Petitioner failed to show that his plea was based upon erroneous advice by defense counsel. Therefore, Petitioner failed to show a meritorious basis for withdrawing his plea. Defense counsel was not deficient for failing to file a non-meritorious motion. *See* Brownlee v. Haley, 306 F.3d 1043, 1046 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907, 917–18 (11th Cir. 2001) (rejecting argument for ineffective assistance of counsel where counsel failed to raise a non-meritorious claim); Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional

claims which he reasonably believes to be of questionable merit). Further, there is no reasonable probability the trial court would have granted the motion to withdraw the plea.

Petitioner failed to demonstrate that the state court's adjudication of Ground One(c) was contrary to or an unreasonable application of <u>Strickland</u>. Therefore, Petitioner is not entitled to federal habeas relief on Ground One(c).

IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has

shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" <u>Buck v. Davis</u>, 580 U.S.—, 137 S. Ct. 773 (2017) (citing <u>Miller-El</u>, 537 U.S. at 327).  The petitioner here cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the petition for writ of habeas corpus (ECF No. 1) be **DENIED**.

2.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>21st</u> day of August 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**